Filed 6/10/13  P. v. Biddle CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIJON MARQUETTE BIDDLE,<br><br>    Defendant and Appellant. | B243399<br><br>(Los Angeles County<br>Super. Ct. No. BA386559) |

        APPEAL from an order of the Superior Court of Los Angeles County,
George G. Lomeli, Judge.  Affirmed.

        Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and
Appellant.

        No appearance for Plaintiff and Respondent.

_____

Dijon Marquette Biddle was charged in an amended information with willfully inflicting corporal injury on cohabitant Shaunte Manning (Pen. Code, § 273.5, subd. (a))[1] with special allegations he had personally inflicted great bodily injury on her under circumstances involving domestic violence (§ 12022.7, subd. (e)) and had previously suffered a domestic violence conviction (§ 273.5, subd. (e)(1)).  Biddle pleaded not guilty and denied the special allegations.

Represented by appointed counsel, Biddle agreed to plead no contest to assault with a deadly weapon (§ 245, subd. (a)(1)) in return for a four-year state prison sentence and dismissal of the original charge.  At the time Biddle entered his plea, he was advised of, and stated he understood, his constitutional rights and the nature and consequences of his plea.

Biddle was thereafter sentenced in accordance with the plea agreement to the upper term of four years in state prison for assault with a deadly weapon.  The court ordered Biddle to pay a $40 court security fee, a $30 criminal conviction assessment, a $400 domestic violence assessment and a $200 restitution fine.  The court imposed and suspended a parole revocation fine pursuant to section 1202.45.  Biddle was awarded a total of 308 days of presentence credit (206 actual days and 102 days conduct credit).

Biddle filed an in propria persona "Motion To Correct Abstract of Judgment" seeking to increase his award of presentence custody credits under section 4019.  The trial court denied the motion.  Biddle filed a notice of appeal from the post-judgment order denying his motion to modify his presentence custody credits.

We appointed counsel to represent Biddle on appeal.  After examining the record, counsel filed a motion in the trial court on December 14, 2012 to strike the $400 domestic violence assessment.  While the motion was pending, counsel filed an opening brief in this court challenging only the imposition of the domestic violence assessment.  The trial court then granted the motion to strike the domestic violence assessment.  As a result, counsel withdrew her opening brief and filed a new opening brief in which  no

---

[1]      Statutory references are to the Penal Code.

2

issues were raised.  On February 20, 2013 we advised Biddle he had 30 days in which to personally submit any contentions or issues he wished us to consider.  No response has been received to date.

We have examined the record and are satisfied Biddle's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The post-judgment order denying Biddle's motion to modify his award of presentence custody credits is affirmed.


                                        PERLUSS, P. J
    We concur:


        WOODS, J.


        ZELON, J.


3